UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEXICO AUTO DISMANTLERS, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF CALEXICO, a California municipal corporation,<br><br>                                    Defendant. | Case No.:  3:20-cv-01822-BEN-RBM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br><br>**[ECF No. 5]** |

This matter comes before the Court on Defendant City of Calexico's (the "City") Motion to Dismiss Plaintiff Calexico Auto Dismantlers, Inc.'s Complaint.  ECF No. 5. For the reasons that follow, the motion is **granted**.

## I.    BACKGROUND[1]

Plaintiff is a business operating in Calexico, California located on Cesar Chavez Boulevard.  Compl., ECF No. 1, ¶ 3.  Plaintiff has leased the premises for its business from the "Virgen Family Trust dated September 23, 2010" (the "Trust") since 2011 and

---

[1] The following overview of the facts is drawn from Plaintiff's FAC, ECF No. 14, which the Court assumes true in analyzing the City's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court is not making factual findings.

1

maintains a lease for the premises today.  *Id*. at ¶ 8.  This case involves a portion of those premises that the City acquired through eminent domain (the "Subject Property").

In 2015, the City began a project to expand Cesar Chavez Boulevard within Calexico.  *Id*. at ¶ 7.  The City instituted a condemnation action for the Subject Property because its expansion project would remove frontage and parking used by Plaintiff in its business.  *Id*. at ¶ 8.  The City named and served the Trust in the condemnation action but did not name or otherwise seek to involve Plaintiff in that action.  *Id*.  On January 25, 2016, the Superior Court issued an order for prejudgment possession of the Subject Property.  *Id*. at Ex. A.  The order was served on the Trust, but not on Plaintiff who was then lawfully in possession of the Subject Property in accordance with its lease with the Trust.  *Id*. at ¶ 10.

On October 31, 2016, the Superior Court approved a stipulated judgment for the eminent domain action to secure the City's acquisition of the Subject Property.  Mot., ECF No. 5, Ex B.[2]  The Trust received $50,000.00 in payment for the condemnation.  *Id*.  On December 9, 2016, the Trust acknowledged satisfaction of payment.  *Id*. at Ex. C.  On January 4, 2017, the Superior Court ordered final condemnation.  *Id*. at Ex. D.  The order stated, "[T]he Subject Property is given for and condemned to the City for the public purpose of the Cesar Chavez Boulevard Improvement Project."  *Id*.  Title was recorded by the City the following day.  *Id*.

---

[2] The City requests the Court, pursuant to Federal Rule of Evidence 201, take judicial notice of certain documents attached to its motion.  The documents are public records including a stipulated judgment entered into between the City and the trustees of the Trust, an acknowledgment of satisfaction of judgment, and a final order of condemnation involving the Subject Property.  The Court finds these matters appropriate for judicial notice, and Plaintiff does not object.  Accordingly, it considers them in deciding the instant motion.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment").

Construction on the expansion project began in 2018. *Id*. at ¶ 9. "In or about mid-2018, the City, acting either through its employees or independent contractors under contract with the City to construct the Project, physically entered onto and took possession of a portion of the Subject Property." *Id*. at ¶ 25. By fall 2019, the City's expansion project concluded. *Id*. at ¶ 26. The expansion prevented larger vehicles from entering onto the premises and has caused Plaintiff to suffer lost revenue from repairs that now cannot be done on such vehicles, as well as other damages. *Id*. at ¶ 13, 36.

On September 15, 2020, Plaintiff filed a Complaint in this Court. ECF No. 1. The City thereafter moved to dismiss, alleging that Plaintiff's only federal claim against the City is barred by the applicable statute of limitations. ECF No. 5.

## II.    LEGAL STANDARD

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "However, Rule 12(b)(6) also permits consideration

of any matters of which judicial notice may be taken, and any exhibits attached to the complaint." *Guerra v. Janda*, Case No. 12-CV-2313-BEN-WVG, 2014 WL 4385689, at *9 (S.D. Cal. Jul. 22, 2014) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

## III.   ANALYSIS

Plaintiff brings four claims against the City.  Compl., ECF No. 1, 6-12.  The first claim arises under 42 U.S.C. § 1983 for inverse condemnation.  *Id.* at 6-8.  Plaintiff's remaining claims arise under state law.  *Id.* at 8-12.  The City argues Plaintiff's § 1983 claim is barred by a two-year statute of limitations, and therefore the Court should dismiss the claim with prejudice.  Mot., ECF No. 5, 3.

"In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, [the Court] looks to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  The statute of limitations for personal injury actions in California is two years.  Cal. Code. Civ. P. § 335.1.  While state law determines the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, "accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (internal citations and quotations omitted); *see also Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019).

The Supreme Court recently held that "because a taking without compensation violates the self-executing Fifth Amendment at the time of the taking, the property owner can bring a federal suit at that time." *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162, 2172 (2019).  Accordingly, the Court must determine when a taking occurred with respect to Plaintiff in this case.

The City argues the taking occurred and thus Plaintiff's claim accrued either when "the Superior Court entered an order for possession authorizing the City to take possession of the Subject Property in January 2016," or when the "final order of

condemnation was entered and recorded in January 2017, at which time title to the Subject Property in fee simple absolute vested with the City." Mot., ECF No. 5, 5, citing Cal. Code. Civ. P. § 1265.140. If the claim accrued at either of those points, the statute of limitations for Plaintiff's § 1983 claim would expire at the latest in January 2019, more than one and half years before Plaintiff filed its Complaint.

Plaintiff argues "the statute of limitations runs from loss of right of possession, not condemnation of title from fee owner." Opp'n, ECF No. 6, 6, citing *Kong v. City of Hawaiian Gardens Redevelopment Agency*, 108 Cal. App. 4th 1028, 1047 (Cal. Ct. App. 2002). In *Kong*, the California Court of Appeals stated that generally "the limitations period on . . . inverse condemnation claims begins to run when the governmental entity *takes possession* of the property." 108 Cal. App. 4th at 1047 (emphasis in original). Plaintiff argues that the City did not take possession "until construction was carried out on the Subject Property" and that "[i]t was the attachment of the public use with the completion of the Project construction in 2019 that . . . took Plaintiff's right of possession." Opp'n, ECF No. 6, 13. Accordingly, Plaintiff reasons, its claim is timely.

While both arguments are sound and well presented, the City has the better claim here. "[A]ccrual occurs when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388. The City argues two possible dates for accrual, but for clarity the Court addresses only the later possible date because the result remains the same. On January 4, 2017, title to the Subject Property was trasnferred in fee simple absolute to the City. Mot., ECF No. 5, Ex. D. The title was recorded the following day. *Id*. At that time, Plaintiff's lease of the portion of the Subject Property that was condemned terminated by operation of law. *See* Cal. Code Civ. P. § 1265.140(a). As Plaintiff's suit is predicated on its leasehold interest in the property, Compl., ECF No. 1., ¶ 21, it had a "complete and present cause of action" when its lease on that portion of the Subject Property terminated. *Wallace*, 549 U.S. at 388. Put simply, Plaintiff suffered a redressable injury the date the lease was terminated in-part. Applying the two-year

statute of limitations, Plaintiff's § 1983 claim is barred because it was filed after January 5, 2019.

Plaintiff is correct that California Code of Civil Procedure §§ 1265.120 and 1265.140 deal with the rights of lessees with respect to lessors when property subject to a lease is taken through eminent domain and do not specifically address a lessee's rights as to the condemning public entity.  However, this argument overlooks the fact that Plaintiff's claims are based on its leasehold interest.  To ignore those provisions in this analysis would be to ignore the very injury Plaintiff alleges occurred.

Plaintiff's second argument that "failure to name and serve an interested party in the condemnation action leaves his interest 'unimpaired'" also fails.  Opp'n, ECF No. 6, 5.  The question is not whether the interest in the property is unimpaired, but rather when a taking occurred that allegedly violated Plaintiff's constitutional rights giving rise to a § 1983 claim.  As discussed above, that taking occurred when the lease terminated by operation of law with respect to the relevant portion of the Subject Property.

Finally, the Court turns to Plaintiff's remaining claims.  "[I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  That is true here.  Comity and the availability of relief to Plaintiff in state court counsel against this Court exercising jurisdiction over these remaining state law claims.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.  ECF No. 5.  Plaintiff's claim for relief under 42 U.S.C. § 1983 is dismissed with prejudice, and its remaining claims are dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: November 20, 2020

HON. ROGER T. BENITEZ
United States District Judge

6